Brook **MIMBRE, LLC,** Bunker Hill Ventures, LLC, Butterfly Milkwood, LLC, Chili Pepper, LLC, Columbia Hawthorne, LLC, Common Marigold, LLC, Mulberry Point, LLC, Reservoir Group, LLC, Thomaston Group, LLC and Wiggum Group, LLC, Plaintiffs–Appellants,

v.

**NEW ALLIANCE BANCSHARES, INC.,** Defendant–Appellee.

No. 05–6593–cv.

United States Court of Appeals, Second Circuit.

Nov. 21, 2006.

Judd Burstein, Judd Burstein, P.C., New York, NY, for Plaintiff–Appellants.

William S. Fish, Jr., (Robert C. Hinton, of counsel), Tyler Cooper & Alcorn, LLP, New Haven, CT, for Defendant–Appellee.

**64**

Present: Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiffs–Appellants (collectively, "Brook Mimbre Group") appeal the judgment of the District Court on cross-motions for summary judgment by the parties. We assume that the parties and counsel are familiar with the facts and procedural history of this case and with the issues presented on appeal.

We review *de novo* a district court's grant of summary judgment and construe "the record in the light most favorable to the non-moving party." *Hoyt v. Andreucci*, 433 F.3d 320, 327 (2d Cir.2006) (internal citation omitted). Summary judgment is properly granted "when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.*

The parties' dispute centers on the interpretation of the contract that was formed when the Brook Mimbre Group accepted the terms of the initial public offering of Defendant–Appellee, New Alliance Bancshares, Inc. ("New Alliance") by placing an order for New Alliance stock. The terms of the offer, and thus of the contract formed, were set forth in the prospectus issued by New Alliance on February 9, 2004 ("Prospectus") as part of its published plan to convert from a mutual savings bank into a publicly-held stock corporation. Under Connecticut law, contracts are construed "to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." *Goldberg v. Hartford Fire Ins. Co.*, 269 Conn. 550, 849 A.2d 368, 373 (2004) (internal citation omitted). "[W]here there

is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." *Conn. Light and Power Co. v. Lighthouse Landings, Inc.*, 279 Conn. 90, 900 A.2d 1242, 1253 (2006) (internal citation omitted).

The Brook Mimbre Group placed an order for 210,000 shares of stock but only received 35,229 shares and contends that New Alliance violated the terms of the Prospectus by limiting its order. The language of the Prospectus unambiguously reserved to New Alliance the right to limit orders that it had determined were made by persons "acting in concert" with other subscribers and to reject orders that it believed were evading the terms of its plan of conversion. New Alliance exercised its rights under the Prospectus after it determined that Brook Mimbre Group was "acting in concert" with other subscribers and came to believe that Brook Mimbre Group, along with several other subscribers, was evading the terms of its plan of conversion.

Brook Mimbre Group does not contest that New Alliance had the right to reduce its order but argues that the explanation offered by New Alliance is a sham, concocted to disguise a clerical error that resulted in the order being reduced. Brook Mimbre Group has failed to introduce evidence that creates a question of fact as to the credibility of New Alliance's explanation. The only relevant piece of evidence that Brook Mimbre Group identifies as supporting its claim, a statement sent with the refund check from the unfulfilled portion of its stock order, is entirely consistent with New Alliance's explanation for why the order was limited.

For the foregoing reasons, the judgment is **AFFIRMED**.